*R. H. Field, for appellant.*
*A. H. Field, for appellee.*

---

ELLEN BARKER *vs.* RICHARD HUNDLEY, ET AL.

**Wills—Determinable Life Estate.**

A will provided that B. should have an estate for life in the lands devised, determinable at the pleasure of B., and that N. was to have a home with B., on the land thus devised, as long as B. retained possession, and further directs that if B. should wish at any time to give up the premises, said lands should be sold, and the proceeds divided among the beneficiaries named. Held, to constitute a determinable estate by the voluntary surrender of same by B., but annexed no forfeiture by a refusal on her part to permit N. to reside with her.

**Same.**

Upon application by N. for a residence with B. and a refusal by B. to permit such residence, an action by N. could be maintained.

**Same—Pleading.**

To sustain a petition therein it must allege a demand by the plaintiff to enter upon the premises and a refusal by the defendant to permit same.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 8 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Under the will of Catharine Barker appellant took an estate for life in the house and premises constituting the residence of testatrix at the publication of her will, determinable at the pleasure of appellant, and while she provided that her brother J. Naylor, his two daughters, and Hundley, were to have homes with the devisee of the estate for life as long as she retained possession of the premises, if they desired it, there is nothing in the language of the will indicating an intention on the part

of testatrix that the enjoyment of the estate devised to appellant should depend upon her consenting to permit the persons named to make their homes with her, and the propriety of that construction is repelled by the sentence immediately following in the will, which directs that if Ellen Barker should wish at any time to give up the premises, that they shall be sold, and the proceeds divided among the beneficiaries named, clearly making the estate determinable by a voluntary surrender of it by appellant, but annexed no forfeiture to the devise by a refusal on her part to permit Naylor and others to reside with her.

If these beneficiaries had desired a residence with appellant and had notified her of that desire, and she had refused to permit them a co-habitance there, they would have had a good cause of action against her for such refusal; but before an action could have been maintained against her, a demand to enter, and a refusal on her part, must have been alleged.

Furthermore, as to Hundley the evidence shows that he was instrumental in procuring the property to be rented and acted as agent for appellant in making the lease to Stepp; he is by his own acts therefore equitably estopped from asserting any claim to a forfeiture of the estate.

Wherefore, the judgment is reversed, and the cause is remanded, with directions to dismiss the petition so far as it seeks a forfeiture of the estate of appellant in the house and grounds attached, and for further proceedings consistent herewith.

Affirmed on cross appeal.

*Huston,* for appellant.
*Johnston & Johnston, W. C. P. Breckinridge,* for appellees.